John Dean Wells v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-334-CR

     JOHN DEAN WELLS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 185th District Court
Harris County, Texas
Trial Court # 865,146
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                
      A jury convicted John Dean Wells of delivery of cocaine in an amount less than one gram and
assessed his punishment at two (2) years’ imprisonment and a ten-thousand dollar ($10,000) fine. 
In his sole point on appeal, Wells argues that the trial court erred by failing to grant a mistrial
following the prosecutor’s improper jury argument during the punishment phase of trial.
Improper Jury Argument
      Wells contends that the State’s closing argument was improper at the punishment phase of
trial. Specifically, he argues that the prosecutor improperly attributed a quote to him and
improperly remarked that he had been charged with capital murder. The State argues that the
prosecutor’s comments fell within the proper areas for jury argument, and in the alternative, any
potential harm was cured by the trial court’s instruction to disregard.
Evidence 
      During the punishment phase, the State called Sergeant Belk to testify about an extraneous
offense. Belk testified that Wells delivered crack cocaine to two men in a truck and took a one-hundred dollar bill as payment. When the buyers asked for change, Wells called over two
accomplices who approached the truck and shot and killed one of the buyers. Belk stated that
Wells was charged only with aggravated robbery, not capital murder. Denise Nassar, an assistant
district attorney, testified that Wells’s aggravated robbery case was dismissed in exchange for his
testimony in the capital murder case against one of the accomplices.
      Pertinent portions of the State’s closing argument are as follows:
PROSECUTOR: It’s obviously not this guy’s first rodeo. You heard about, from Officer
Belk, that he was, has been investigated for dealing drugs before. In fact, someone got
killed in that one. . . Just another kid on the street, buy, buying dope from a dope dealer
and he got killed because he showed him a hundred-dollar bill rather than a forty.
      . . . . 
And yeah, his criminal history started 31 years ago. 1970 he was stealing cars,
breaking into cars. 1976, driving drunk. And 1990, committed robbery. Got dismissed. 
Aggravated robbery in 1994, this one, where he was the witness in the capital murder
because he was standing right there. Went and got the shooter. Hey, this guy has a
hundred bucks, let’s go pop him.

      At this time, Wells objected and the court sustained his objection. The court instructed,
“Jury, disregard the prosecutor’s last statement.” The court then denied Wells’s motion for
mistrial. The prosecutor later continued in pertinent part:
PROSECUTOR: He deserves a lot more than 2 years. I’m sorry that the maximum you
can give him is 2 years, but he deserves 2 years because, because of this case. He tried
to outsmart you, because he, he because of the capital murder case, because of the auto
theft cases . . .

Wells again objected to the improper argument, stating “This defendant [Wells] was never charged
with capital murder.” The trial court sustained his objection and instructed the jury to “disregard
the prosecutor’s last statement.” The trial court again denied Wells’s motion for mistrial.
Applicable Law
      Jury arguments must fall within the following four categories: (1) summation of the evidence,
(2) reasonable deduction from the evidence, (3) answer to the argument of opposing counsel, and
(4) plea for law enforcement. See Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999);
Cantu v. State, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997). When the prosecutor’s closing
statements fall outside of these parameters, the statements themselves cannot be error. Rather, it
is the trial court’s responses to defense counsel’s objections to the statements that may be error. 
See Chimney v. State, 6 S.W.3d 681, 703 (Tex. App.—Waco 1999, no pet.). Generally, three
types of error are possible: 1) overruling the initial objection to the prosecutor’s statement; 2)
sustaining the initial objection, but denying defense counsel’s request for an instruction to the jury
to disregard the statement; and 3) sustaining the initial objection and instructing the jury to
disregard, but denying a motion for mistrial. Id.
      Here, Wells complains of the third type of error. We note that mistrial is an extreme remedy
for prejudicial events occurring during the trial process. See Bauder v. State, 921 S.W.2d 696,
698 (Tex. Crim. App. 1996). We review the trial court’s ruling on a motion for mistrial under
an abuse of discretion standard. See Trevino v. State, 991 S.W.2d 849, 851 (Tex. Crim. App.
1999).
Analysis
      First, Wells argues that the State’s argument was extreme because the prosecutor interjected
that the shooting was Wells’s idea when she said, “. . . let’s go pop him.” While it is true that
no one testified that Wells said “Hey, this guy has a hundred bucks, let’s go pop him,” the
prosecutor never attributed the quote to Wells. The comment, taken in context, refers to Belk’s
testimony describing the incident where Wells called two men over to the truck after delivering
crack-cocaine, and one of his accomplices shot the buyer. Counsel is allowed wide latitude in
drawing good faith inferences from the evidence. See Cantu, 939 S.W.2d at 633. Here, the
prosecutor’s comment was an inference deduced from evidence in the record. Id.; see also
Guidry, 9 S.W.3d at 154.
      Secondly, Wells argues that the prosecutor’s reference to a capital murder case was, in fact,
a comment that Wells had been charged with capital murder. The prosecutor, however, never
stated that Wells was “charged” with capital murder. Rather, in the context of whether Wells
deserved the maximum sentence, the prosecutor specifically stated “[Wells] tried to outsmart you,
because he, he because of the capital murder case . . .” This statement merely refers to the capital
murder case in which Wells testified in exchange for his charges for aggravated robbery being
dropped. Evidence of Wells’s role in that case was admitted at punishment. Thus, this argument
fits into the proper categories of summation and reasonable deduction from the evidence. See
Guidry, 9 S.W.3d at 154; Cantu, 939 S.W.2d at 633.
      As stated recently by the Court of Criminal Appeals, “the . . . presumption that an instruction
[to disregard] generally will not cure comment on the failure of the accused to testify . . . has been
eroded to the point that it applies only to the most blatant examples. Otherwise, the Court has
tended to find the instruction to have force.” Moore v. State, 999 S.W.2d 385, 405 (Tex. Crim.
App. 1999), cert. denied, 503 U.S. 1216 (2000); see also Dinkins v. State, 894 S.W.2d 330, 356
(Tex. Crim. App. 1995). As previously discussed, the prosecutor’s comments likely fell within
the proper scope of jury argument. However, even if the arguments were improper, we do not
believe that they were of the blatant nature to render an instruction to disregard ineffective to cure
the prejudicial effect. Id. Accordingly, the court’s instruction to disregard the comment cured
any prejudicial effect of the error. Id. Accordingly, point one is overruled.
      The judgment is affirmed. 
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 28, 2002
Do not publish
[CR25]